**NOT FOR PUBLICATION**

FILED

APR 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ZHEN CHOU MA, Zhenchou Ma;
ZIHENG MA,

          Petitioners,

v.

WILLIAM P. BARR, Attorney General,

          Respondent.

No.   15-73308

Agency Nos.     A096-677-691
                   A096-677-692

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 19, 2019[**]
San Francisco, California

Before: BEA and N.R. SMITH, Circuit Judges, and MÁRQUEZ,[***] District Judge.

Zhen Chou Ma ("Ma"), native and citizen of China, petitions for review of

the Board of Immigration Appeals'("BIA") order dismissing his appeal from an

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Rosemary Márquez, United States District Judge for the District of Arizona, sitting by designation.

immigration judge's ("IJ") decision denying her application for asylum. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

Substantial evidence supports the BIA's adverse credibility finding. The BIA relied on two inconsistencies that went to the heart of Ma's claims.[1] *See Shrestha v. Holder*, 590 F.3d 1034, 1046-47 (9th Cir. 2010) ("Although inconsistencies no longer need to go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim it doubtless is of great weight."). First, Ma was unable to testify consistently with regard to the events that occurred on the day his girlfriend, Ye Qiuzhu,[2] was allegedly forced to have an abortion. Ma asserted in his declaration (submitted with his asylum application) that he accompanied Ye to the hospital; however, in his testimony before the IJ, he asserted that he was not home and did not know Ye was pregnant until the day of the abortion. Second, Ma was unable to establish a consistent timeline of events surrounding the second alleged abortion, including his confrontation with family planning officials, detention, and subsequent divorce from Ye. Ma was confronted

---

[1] The IJ also cited Ma's possible immigration fraud as a basis for the adverse credibility finding. Because the BIA did not clearly rely on this basis, *see Abebe v. Gonzales*, 432 F.3d 1037, 1040 (9th Cir. 2005) (en banc), and, because we can deny the petition if a single ground is supported by substantial evidence, *see Rizk v. Holder*, 629 F.3d 1083, 1088-89 (9th Cir. 2011), we do not address this finding.

[2] Ma and Ye were subsequently married.

with the inconsistencies, and the IJ reasonably rejected Ma's explanation that he could not remember the events well. *See Rizk*, 629 F.3d at 1088.

Based on the foregoing, Ma has failed to meet his burden of establishing (1) that his "spouse or unmarried partner [was] a victim of forced abortion," or (2) that he "demonstrated persecution for other resistance to [the] coercive population control program," both of which are required to establish a claim for asylum. *See Nai Yuan Jiang v. Holder*, 611 F.3d 1086, 1091 (9th Cir. 2010) (internal quotation marks omitted). The evidence does not compel a contrary finding.[3] *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992).

**PETITION FOR REVIEW DENIED.**

---

[3] Although not essential to the adverse credibility finding, substantial evidence also supports the IJ's finding that Ma failed to corroborate his claim of persecution. Even though Ma's ex-wife was living with him in the United States, she did not testify on his behalf or provide any corroborating documents (despite submitting them in her own asylum case). *See Singh v. Holder*, 638 F.3d 1264, 1270-71 (9th Cir. 2011) (noting that "if the asylum seeker whose credibility has been questioned testifies that his family was subjected to atrocities in their home, and corroboration is readily available because members of the family live with him in California, it is reasonable to question his credibility if none of them testify to corroborate his account").